UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAN GOODREAU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:19-cv-00269-JEO ) |
| US BANK TRUST NATIONAL ASSOCIATION, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

The court has before it the April 10, 2019 motion to dismiss filed by Defendant Mortgage Electronic Registration System, Inc. ("MERS"). (Doc. 26). Despite being given the opportunity to do so, (*see* docs. 19, 27), Plaintiff did not file an opposition to the motion. For the reasons that follow, the court[1] finds that the motion is due to be granted.

## I. PROCEDURAL HISTORY

Plaintiff Jan Goodreau filed this action in the Circuit Court of Jefferson County, Alabama, asserting fourteen separate claims against Defendants US Bank Trust National Association, BSI Financial Services and MERS: negligence,

---

[1] The action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 18).

wantonness, unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, false light, defamation/libel/slander, violation of the Truth in Lending Act, violation of the Real Estate Settlement Procedures Act, violation of the Fair Credit Reporting Act, violation of the Fair Debt Collection Practices Act, and a claim for declaratory relief. (Doc. 1-1 at 3-22). Defendants removed the action to this court and then moved to dismiss all of the claims contained in the complaint.[2] (Docs. 1, 6, 8).

In response to the motions to dismiss, Goodreau filed a motion for leave to file an amended complaint, noting the different pleading standards in federal and state court. (Docs. 15, 16). The court granted Goodreau's motion to file an amended complaint, (doc. 17), and, after an extension, Perry filed her amended complaint on March 31, 2019.[3] (Doc. 23). The amended complaint contains a more detailed set of factual allegations and specifies under the heading for each count to which defendant the count is directed. (*Id*. at 8-33). None of the counts are identified at being asserted against MERS. (*Id*.).

## II. STANDARD OF REVIEW

Defendant has moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of all or some of the

---

[2] MERS filed a separate motion to dismiss from the other two Defendants. (Docs. 6, 8).

[3] In light of the filing of the amended complaint, Defendants' original motions to dismiss were deemed moot. (Doc. 17).

claims in a complaint if the allegations fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that a plaintiff can prove facts he has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action will not do." *Id*., 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id*. Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" i.e., its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

## III. DISCUSSION

MERS asserts that because there are no claims identified as being asserted against it and because there are no allegations of wrongdoing against MERS in the amended complaint, the amended complaint is due to be dismissed against it. (Doc. 26 at 2-5). Additionally, MERS argues that because Plaintiff has already had one chance to amend her complaint (and with the benefit of the then-pending motions to dismiss), Plaintiff should not be premised any further amendments. The court agrees with MERS in both respects.

First, the court again notes that Plaintiff did not respond to the motion to dismiss filed by MERS. The briefing schedule was clearly delineated in the initial order (doc. 19), and the court specifically reminded the parties to refer to the briefing schedule in the initial order after the motion was filed, (doc. 27). After the deadline for Plaintiff's opposition passed, MERS filed a notice of non-response to

4

the motion to dismiss. (Doc. 33). Plaintiff has still failed to respond. The motion is due to be granted on this basis alone. *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1326 (11th Cir. 2000) ("failure to brief and argue [an] issue during the proceedings before [a] district court is ground for finding that the issue has been abandoned.").

Even if the court were to look at the merits, the acts that form the basis of the amended complaint are based upon the servicing and foreclosure of the mortgage loan. (*See* Doc. 26). There are no allegations of any sort of involvement of MERS with any of the actions alleged. This fact is confirmed by the lack specific assignment of any the eighteen counts alleged in the amended complaint against MERS. Additionally, in light of the forgoing, the court will not allow further amendment with regard to Defendant MERS.

## IV. CONCLUSION

A separate order will be entered dismissing the amended complaint against Defendant MERS.

**DATED**, this 1st day of May, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge